UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES V. LANG,

      Plaintiff,                                  Case No. 11-12271
                                                    Senior United States
v.                                                 District Judge Arthur J. Tarnow

COMMISSIONER OF SOCIAL SECURITY,        Magistrate Judge Laurie J. Michelson

      Defendant.
_____/

**<u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT & RECOMMENDATION [15],
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13], AND
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT [10]</u>**

      Before the Court are Plaintiff's Motion for Summary Judgment [10] and Defendant's Motion for Summary Judgment [13]. On March 29, 2012, Magistrate Judge Michelson issued a Report and Recommendation [15] recommending that the Plaintiff's motion be GRANTED IN PART AND DENIED IN PART and that Defendant's motion be DENIED. Defendant filed an Objection [16]. Plaintiff did not file a response to the objection.

### INTRODUCTION

      This Social Security case arises out of a claim for disability insurance benefits by Plaintiff, James V. Lang, who suffers from, *inter alia*, tendinitis, coronary artery disease, diabetes, hypertension, and arthritis of the right shoulder. The Administrative Law Judge (ALJ) found that despite severe impairments resulting from his condition, Plaintiff retains the residual functional capacity to perform his past relevant work. The Appeals Council denied review of the ALJ's decision, and Plaintiff filed this civil action for judicial review of the denial of benefits on May 24, 2011. The parties filed cross-motions for summary judgment.

      On March 29, 2012, Magistrate Judge Michelson filed a Report and Recommendation (R&R)

in this matter. The R&R recommends that Plaintiff's motion for summary judgment be granted in part and that Defendant's motion for summary judgment be denied because the ALJ "did not comply with the procedural aspects of the treating-source rule in rejecting the opinions of Plaintiff's long-time primary-care physician." R&R [15], at 1.

Defendant argues that the ALJ's reasons were obvious enough to qualify as compliant with the treating-source rule and that even if the ALJ did not comply with the rule, the error was harmless. This Court disagrees and adopts the R&R for the reasons set forth below.

## ANALYSIS

Defendant's objections are similar to the arguments already considered by the Magistrate Judge. Defendant argues that because there is support for the ALJ's rejection of Dr. Browne's recommendation and the decision, that the Magistrate Judge erred by recommending that the matter be remanded to comply with the treating-source rule. The Court disagrees.

As the Magistrate Judge stated, although the outcome of the case may be the same after remand, the requirement that the ALJ comply with the explanatory requirement of the treating-physician rule cannot be excused. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). "The ALJ must explicitly state what weight was given to Dr. Browne's opinions and the reasons for that weight, including, whether Dr. Browne's opinions are inconsistent with the record evidence." R&R [15], at 22. The ALJ's failure to give specific reasons and explain precisely how those reasons affected the weight accorded the opinions is a legal error requiring reversal. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242-43 (6th Cir. 2007).

Defendant argues that any error this Court finds should be identified as harmless. Obj. [16], at 9.

'[A] procedural error is not made harmless simply because [the aggrieved party]

> appears to have had little chance of success on the merits anyway.' . . . To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with [an agency regulation], would afford the Commissioner the ability [to] violate the regulation with impunity and render the protections promised therein illusory.

*Wilson*, 378 F.3d at 546 (internal citations omitted).

Harmless error, therefore, is not applicable when weighing the opinions from medical sources. *Id.*

## CONCLUSION

Based on the foregoing analysis, the Court hereby adopts the Report and Recommendation [15]. Accordingly,

IT IS ORDERED that Defendant's Objection [16] is OVERRULED and Plaintiff's Motion for Summary Judgment [10] is GRANTED IN PART AND DENIED IN PART and REMANDED for further proceedings consistent with this opinion.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [13] is DENIED.

SO ORDERED.

                s/Arthur J. Tarnow
                ARTHUR J. TARNOW
                SENIOR U.S. DISTRICT JUDGE

Dated: August 6, 2012

---

## CERTIFICATE OF SERVICE

I hereby certify on August 6, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 6, 2012: **None.**

                s/Michael E. Lang
                Deputy Clerk to
                District Judge Arthur J. Tarnow
                (313) 234-5182